## 9908

### STATE v. NELSON.

#### (96 S. E. 127.)

CRIMINAL LAW—INSTRUCTIONS—INVADING PROVINCE OF JURY.—A charge to the jury held erroneous as intended to impress upon the jury the conclusion that they could not find the defendant not guilty without disregarding the charge as to the effectiveness of circumstantial evidence.

Before MEMMINGER, J., Williamsburg, Spring term, 1917. Reversed.

Robert Nelson, *alias* John Nelson, was convicted of larceny of live stock, and from sentence, he appeals.

The only exception complains of error in the charge of the presiding Judge, in that it prejudiced the minds of the jury against defendant and coerced them into finding a verdict against defendant.

*Messrs. Kelley & Hinds,* for appellant, cite: 89 S. C. 232.

*Solicitor F. A. McLeod,* for State-respondent. (Oral argument.)

May 2, 1918.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

The jury found the defendant guilty of larceny of live stock, to wit, an ox, and he appealed from the sentence imposed on him.

The only exception is as follows:

"Because his Honor, the presiding Judge, erred in charging the jury as follows: 'Now, evidently, some juries of this Court at this term seem to disagree with the universal principles of law by which they ought to be governed, and set themselves in defiance with those principles of law, and turn loose guilty men. With that the Court has nothing to do, except the relation of duty to a course of that sort, and after a while will necessarily produce an absolute state of utter disorder in any civilized community. These men are brought up here time after time, and when under the rules of law they are proven guilty, and juries insist on disregarding those rules of law and in turning them loose, why there will be no protection of property whatsoever, and the homes will be the prey of any vagabond in shape—of those who go around and steal from them; and when such substantial evidence as can be is obtained, such as the law recognizes, but which the juries apparently decline to receive, why there would be no end to the difficulties with which you would be surrounded. *The law as to circumstantial evidence has been largely charged this morning to one of the juries here, in which there are some principles before this jury, but it seems that the Court wasted its trouble and its time in explaining the law, because there was no doubt in the world under the circumstances, which were absolutely conclusive, upon which a conviction should be made; therefore the jurymen have disregarded the charge of the Court as to the effectiveness of circumstantial evidence—the right to rely upon it and duty to rely upon it and act upon it when it measured up to the requirements of the law.* Now, if the juries have made up their minds that they will not convict anybody on circumstantial evidence, there is no use to try anybody for any sort of offense on this law, and you will

have to repeal the law upon that line. And you will find in the end that the opinion of any individual juror is not superior to that of the Judges under which the questions of law have been administered; therefore it is better for the jurors to take the law from the Court, not to set their own opinions against it, and if the evidence measures up to the requirements of the law, then follow the principles of law.' It being respectfully submitted that said charge was unfair to the defendant and prejudicial to his rights, in that: (1) It was calculated to prejudice the minds of the jurors against the defendant; (2) that it amounted to a coercion of the jury into finding a verdict against the defendant; and (3) was a usurpation of the function of the jurors."

The charge, especially that part which we have italicized, was calculated to impress upon the jury the conclusion that they could not find the defendant not guilty without disregarding the charge as to the effectiveness of circumstantial evidence. This was error. *State v. Bright,* 89 S. C. 228, 71 S. E. 821.

Reversed.